(9 Misc. Rep. 212.)

### BLAKE v. McNAMARA.

(City Court of New York, General Term. June 20, 1894.)

REPLEVIN—ESTOPPEL TO DENY RECITALS OF UNDERTAKING.
    Where an undertaking given by defendant for the return of the property recites that plaintiff had taken it from defendant's possession, he is estopped to deny that he had possession of the property at the commencement of the action, or from showing that it was different property.

Appeal from trial term.

Replevin by Phoebe Blake against Florence McNamara. There was a judgment in favor of defendant, and plaintiff appeals. Reversed.

Argued before NEWBURGER and CONLAN, JJ.

Kohn, Ruck & Lippman, for appellant.
George A. McDermott, for respondent.

NEWBURGER, J. This is an action in replevin to recover possession of certain personal property. The complaint alleges that the defendant wrongfully took and also wrongfully retained possession of the said chattels, and the answer denied each and every allegation of the complaint. Upon the property being taken by the sheriff, the defendant gave an undertaking to prevent the delivery of the chattels under section 1704 of the Code, and the property was returned to defendant. The case came on for trial, and a verdict was rendered in favor of the defendant, and from the judgment entered thereon, and from the order denying the motion for a new trial, this appeal is taken.

On the trial of the action, the trial justice charged the jury, subject to plaintiff's objection and exception, that the jury must find that the property must have been in the possession of the de fendant. We think the trial justice thus erred in his statement of the law governing the case. The defendant gave an undertaking which prevented a delivery of the property by the sheriff as required by the requisition. He is therefore precluded by the recitals in the undertaking from denying that the property was in his possession. In an action to recover the possession of personal property, when the defendant gives an undertaking for the return of the property, admitting therein that plaintiff has taken the property described in his affidavit and requisition from defendant's possession, he is estopped from denying that he had possession of the property, or any part thereof, at the commencement of the action, or from showing that it was different or other property; he is concluded by the recitals in the undertaking. Martin v. Gilbert, 119 N. Y. 298, 23 N. E. 813, and 24 N. E. 460. The judgment appealed from must, therefore, be reversed, and a new trial granted, with costs to appellant to abide event.