HAYWOOD v. TOWNSEND et al.

(Supreme Court, Appellate Division, Third Department. April 14, 1896.)

1. EVIDENCE—LOST DOCUMENTS—VERIFIED COPIES.
　　Where a bond given by an executor to secure the faithful performance of his duty as trustee under the will has been destroyed,—it appearing that it was never filed with the surrogate,—a verified copy of the bond, shown to have been made the day after the execution of the original, is admissible in evidence to prove its terms.

2. SAME—EXECUTION OF BOND—INFANCY OF MAKER.
　　In an action against sureties on a bond, where one of the defendants pleaded that he was under age when he executed the bond, on March 15, 1865, but testified that he was 50 years old March 4, 1894, and there was other testimony tending to show that he became of age March 4, 1865, the evidence justified a finding that he was of age when he signed the bond.

3. EXECUTORS—LIABILITY OF SURETY ON BOND—SUFFICIENCY OF DELIVERY.
　　In an action against sureties on the bond of an executor, given to secure the faithful performance of his duty as trustee, it was shown that the sureties, having executed the bond, delivered it to their principal; that he made a copy thereof, which was verified by affidavit, delivered such copy to plaintiff, and thereupon received the trust property; that the executor retained the original in his possession, instead of filing it; that after several years it was destroyed by one of the sureties. *Held* that, so far as the sureties were concerned, the execution and delivery of the bond to the principal were sufficient to fix their liability thereunder.

4. SAME—FAILURE TO FILE WITH SURROGATE.
　　The failure of an executor to file the bond with the surrogate does not affect the liability of the surety; the filing being for the benefit of the beneficiaries, and not for the principal or sureties.

5. SAME—JUDGMENT AGAINST EXECUTORS.
　　Where judgment is rendered against an executor for the amount due from him as trustee of testator's estate, such judgment is, in the absence of fraud or collusion, binding upon the sureties on his bond.

Appeal from surrogate's court, Otsego county.

This was an action brought by William Haywood, as administrator of the estate of Cynthia J. Miller, against John J. Townsend and Enoch L. Townsend, as sureties on the bond of Robert M. Townsend, executor and trustee under the will of one Cynthia Lane. There was a judgment for plaintiff, and defendants appealed. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

W. J. Palmer, for appellants.

F. L. Michael, for respondent.

HERRICK, J.   In the year 1863 one Cynthia Lane made her last will and testament, whereby, among other things, she gave and bequeathed to Cynthia J. Haywood the sum of $500, and to Alice Haywood the sum of $300, to be paid to them by her executor on their arriving at full age, but until that time to be kept at interest for their benefit, and further directed that said executor should "execute good and sufficient surety, for the benefit of said children, before he shall enter upon the discharge of his trust, conditioned for the safe investment of said money, and the payment thereof to said children, with interest, on their arriving at full age."   Robert M. Townsend was designated by her as the executor of said last will and testament.   Said Cynthia Lane died on or about the 25th day of June, 1864, and letters testamentary were issued to Robert M. Townsend on the 12th day of December, 1864.   On the 15th day of March, 1865, Robert M. Townsend, principal, and the defendants, John J. Townsend and Enoch L. Townsend, as sureties, executed a bond, under their hands and seals, conditioned that the said Robert M. Townsend should well and truly discharge the duties of his trust, and keep the said legacies invested for, and pay the same to, Cynthia J. and Alice Haywood, their attorneys, administrators, executors, or assigns, with interest, on their becoming of age, according to the requirements of the said last will and testament.   This bond appears to have remained with Robert M. Townsend, or, if it was ever filed in the surrogate's office, was subsequently taken therefrom; for some two or three years afterwards it was in the possession of Robert M. Townsend, and was taken from him by the defendant John J. Townsend, and burned.   After the execution of the bond, and on the 16th day of March, 1865, the said Robert M. Townsend delivered a copy of it to the plaintiff, attached to which was an affidavit stating that the same was a copy of the original bond filed in the office of the surrogate of Otsego county, and received from the plaintiff the sum of $800 upon said trust.   The said Robert M. Townsend has not paid over the full amount of said legacies, as required under the will, and as provided by his bond.   The legatee Cynthia J. Miller died intestate in the year 1878, and the plaintiff was appointed administrator of her estate.   In 1894 an accounting by the said Robert M. Townsend, as trustee, was had, upon the petition of the plaintiff, as administrator of the estate of Cynthia J.

Miller, before the surrogate of Otsego county, on the 3d day of April, 1894; and a decree was made by the surrogate whereby it was adjudged that the said trustee, Robert M. Townsend, was indebted to the plaintiff, as administrator, on account of the said legacy and interest belonging to the estate of Cynthia J. Miller, in the sum of $2,324.80. An execution therefor has been issued, and returned unsatisfied to the amount of $1,755.09.

Upon the trial, various questions were raised,—one, as to the reception of the copy of the bond in evidence. The fact that it was a copy was testified to by Robert M. Townsend. At one point in his testimony, he spoke of it as a copy of a copy; but, taking his whole testimony together, I think it is fairly to be assumed that the paper received in evidence was not a copy of a copy, but a copy of the original bond, and it was not received in evidence until it was shown by the defendant John J. Townsend that he himself had destroyed the original bond by burning it.

The defendant Enoch L. Townsend, for a defense, asserted that at the time he executed the bond in question he was under 21 years of age. The bond was executed March 15, 1865. Enoch cannot tell what year he was born in. Upon his cross-examination, on the 18th of February, 1895, he testified:

"I was fifty years old last March. I didn't say what year I was born in. It would be 1845,—the 4th day of March. I became twenty-one years of age the 4th day of March, 1865. It would be 1844 I was born in. Well, I was there, but I can't swear just the year. It might have been in 1843."

His brother John J. Townsend testified that Enoch became of age March 4, 1865. Upon this testimony the trial judge was warranted in finding that the defendant Enoch was over 21 years of age at the time of the execution of the bond.

The most serious objection made is that the bond was never delivered. We are not cited to any authority as to what is necessary to a delivery, in a case such as this. Delivery is always a question of intention, which must be that the instrument shall be operative. Am. & Eng. Enc. Law, 458. The same strict rules do not apply to bonds and undertakings as to deeds. The defendants, it appears from the testimony, knew what the bond was for; that, without it, the trustee, Robert M. Townsend, could not acquire possession of the money that was left by the testatrix for the benefit of the legatees. They signed and executed the bond for the purpose of enabling him to get that money. When they delivered it to him, and left it with him, after having executed it, it was, so far as any act of theirs necessary to be done to fix their liability upon the bond, complete. Their obligation was something more than that of an indorser upon a note, or a guarantor of the payment of money. They became responsible for the fidelity of the trustee,—his integrity. Douglass v. Ferris, 63 Hun, 413, 18 N. Y. Supp. 685. Before he could commence the duties of his trust, his faithfulness must be guarantied. When they placed in his hands the bond signed by them, their act was finished. They had guarantied his fidelity, and become responsible for any breach. So far as they were concerned,

the delivery was complete. They had delivered the instrument to him with the intention that their guaranty should be operative; that it should enable him to enter upon the duties of his trust. At the time he delivered a sworn copy of it, as a voucher of his authority and right to receive the trust fund, the bond executed by the defendants was in existence; and its subsequent destruction after the trustee, upon the faith of its execution and existence, had secured the legacies, cannot alter the liability of the defendants. If at that time the plaintiff, instead of John J. Townsend, had secured possession of the bond, and kept it until this time, instead of burning it, can there be any question but that he could recover upon it? Does the fact that after it had partially fulfilled its office, but while its most important function remained unperformed, it was taken and destroyed by one of its signers, change the situation, except as to the matter of proof as to whether such an instrument ever existed? It seems to me not. It is claimed by both parties that the bond should have been filed in the surrogate's office. I assume that to be the law of the case. That was, then, the only additional delivery that the bond was capable of. It could not be given to the infant legatees, or to their guardians, or to any other persons for them. It was to be left with the surrogate. It was not a thing necessary to be done by the sureties. The requirement that it should be filed with the surrogate was for the benefit of the legatees, not for the benefit of the principal upon the bond, or his sureties; and the fact that it was not filed—that their principal did not do his duty in that respect—cannot be asserted by them as a defense to the bond. Their signing the bond was not conditional upon its being filed. As above stated, the requirement that it should be filed was not for their benefit. It has been held that the requirement that a bond should be approved by the surrogate is not one for the benefit of the sureties, but of the creditors and legatees, and that the sureties cannot raise the objection that it has not been so approved; that such an objection is in the nature of an objection to their own act, or, rather, omission to act. Mundorff v. Wangler, 44 N. Y. Super. Ct. 495–505. Having, by signing the bond and giving it to the principal, placed it in the power of the principal to secure the money, and he having done so, it has, so far as the principal and sureties are concerned, served its purpose; and the defendants should not be permitted to repudiate the bond, to the detriment of the parties it was apparently given to secure. Russell v. Freer, 56 N. Y. 67. The defendants were bound by the judgment and decree of the surrogate as to the amount due from Robert M. Townsend, the trustee, to the plaintiff. When sureties go upon the bond of a testamentary trustee, they make themselves privy to all proceedings against the principal; and when he, without fraud or collusion, is concluded, they are concluded, also. Gerould v. Wilson, 81 N. Y. 573–583; Douglass v. Ferris, 138 N. Y. 193–201, 33 N. E. 1041.

The judgment appealed from should be affirmed, with costs. All concur.