In Sesselmann v. Metropolitan Street R. Co., 65 App. Div. 484, 72 N. Y. Supp. 1010, this court said:

"This accident occurred at a street intersection where the rights of the parties were equal. Dunican v. Union Railway Co., 39 App. Div. 497, 500, 57 N. Y. Supp. 326, and authorities there cited. * * * The duty rests upon the street railway company to have its cars in control at these points that the equal rights of others may be protected, and the people using the highways for lawful purposes have a right to rely in some measure upon the discharge of this duty."

In that case a judgment entered upon the dismissal of the complaint in an action to recover damages for personal injuries sustained by the plaintiff by being struck by one of the defendant's cars was reversed, and a new trial granted. Upon the second trial the plaintiff recovered a verdict for $10,000, which was unanimously affirmed upon appeal, by this court, the court saying:

"This accident occurred at a street intersection * * * at a point where the plaintiff had the right to assume that the defendant would have its car under control, and would, as the operator of a powerful engine of destruction, be vigilant in protecting or preserving the equality of rights on the part of pedestrians and others lawfully using the highway." Sesselmann v. Metropolitan Street R. Co., 76 App. Div. 336, 78 N. Y. Supp. 482.

The language of these decisions expresses our views of the case at bar. The judgment should be reversed, and a new trial granted.

Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event. All concur.

---

## In re BRINCKERHOFF'S WILL.

### In re STORM.

(Supreme Court, Appellate Division, Second Department.   June 5, 1903.)

1. EXECUTORS—TRUSTEES—COMPULSORY ACCOUNTING.

Code Civ. Proc. § 2728, provides that the sureties on the bond of an executor may be cited to attend the settlement of his account on a voluntary accounting. Section 2605 provides that, where letters testamentary have been revoked by a decree of the Surrogate's Court, it has power to appoint a successor, and that it has the same jurisdiction to compel an accounting that it would have on the petition of a person interested if the term had expired by limitation. Held that, on an accounting of a testamentary trustee under section 2605, a decree charging the trustee was proper, notwithstanding the fact that the surety on the bond was not cited to appear, since section 2728 applies only to voluntary accountings.

2. SAME—REMOVAL—REVOCATION OF LETTERS—ACCOUNTING.

A decree of the surrogate removing a testamentary trustee was, in substance and effect, a revocation of his letters testamentary, and hence authorized an accounting as trustee under section 2605.

Appeal from Surrogate's Court, Dutchess County.

Proceedings on the accounting of Edward Storm as testamentary trustee under the will of Margaret A. Brinckerhoff, deceased. From a decree charging the trustee, Abram S. Humphrey appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

George Worrall, for appellant.

Isaac E. Bingham, for respondent.

WILLARD BARTLETT, J.   Edward Storm was executor and trustee under the will of Margaret A. Brinckerhoff, deceased.   Abram S. Humphrey, the appellant, is one of his sureties as trustee under the will.   Storm was duly discharged from all liability as executor by a decree of the Surrogate's Court of Dutchess county in 1901. He was subsequently removed from his position as testamentary trustee by an order of the Surrogate's Court, and Charles A. Hopkins was duly appointed testamentary trustee in his place.   Upon the application of Hopkins, Storm was cited to show cause why he should not render and settle his accounts as testamentary trustee, appeared upon the return day of the citation, applied for an adjournment for the purpose of preparing his account, which was granted, and on the adjourned day filed his account, in which he charged himself with $3,905, and stated that he had on hand his own note as security for the amount.   Testimony was taken, and it appeared by the admission of Storm himself that he had converted the whole amount of the trust fund to his own use, and that the note referred to in the account was worthless.   The learned surrogate thereupon made the decree from which the present appeal is taken by the surety, who was not made a party to the accounting proceeding, and contends that therefore the Surrogate's Court was without jurisdiction to make the decree.

It is true that, under section 2728 of the Code of Civil Procedure, the sureties upon the official bond of an executor or administrator may be cited to attend the settlement of his account, but the provision permitting this applies only to a voluntary accounting.   McMahon v. Smith, 24 App. Div. 25, 49 N. Y. Supp. 93.   The accounting in this case was not voluntary, but compulsory; and the order for it appears to have been warranted by section 2605 of the Code, which provides that, where letters have been revoked by a decree of the Surrogate's Court, that court has the power to appoint a successor, and which further provides as follows:

"The Surrogate's Court has the same jurisdiction, upon the petition of the successor, or of a remaining executor, administrator, guardian or trustee, to compel the person whose letters have been revoked to account for, or deliver over money or other property, and to settle his account, which it would have upon the petition of a creditor or person interested in the estate, if the term of office, conferred by the letters, had expired by its own limitation."

There was no order expressly revoking the letters testamentary granted to Edward Storm in the case at bar.   He had been discharged as executor, but continued in office as trustee under the will for some time after such discharge, until his final removal from his position as trustee by the Surrogate's Court.   As I understand the argument for the appellant on this branch of the case, it is that there was no authority to order an accounting, under section 2605 of the Code of Civil Procedure, at the instance of the succeeding trustee, in the absence of an express order revoking the letters to Storm; but it seems to me that the order of removal operated, in substance and effect, as a revocation of the letters, and therefore

that the case fairly falls within the purview of the section cited.   The propriety of the order of removal does not seem to have been questioned, and, indeed, could hardly be questioned on this appeal; nor does it appear that the original trustee made any objection before the surrogate to the jurisdiction of the court to compel him to account.   He acquiesced in ⁺he assertion of jurisdiction, and, if the view which I have expressed as to the effect of the order of removal is correct, the surrogate had power to make the order appealed from.   The fact that it was made without notice to the surety does not prevent it from being binding upon him.   "When sureties go upon the bond of a testamentary trustee, they make themselves privy to all proceedings against the principal, and when he, without fraud or collusion, is concluded, they are concluded also."   Haywood v. Townsend, 4 App. Div. 246, 38 N. Y. Supp. 517; Kelly v. West, 80 N. Y. 139, 146.   The decree should be affirmed.

Decree of Surrogate's Court of Dutchess county affirmed, with costs.   All concur.