[Civ. No. 369.   First Appellate District.—December 9, 1907.]

## SAN FRANCISCO SULPHUR CO., Respondent, v. AETNA INDEMNITY CO., Appellant.

ACTION UPON UNDERTAKING—CAUSE OF ACTION AGAINST SURETY NOT ALLEGED—EXECUTION AND DELIVERY OF UNDERTAKING.—If a complaint on an undertaking against a surety fails to allege or show that the defendant executed or delivered the undertaking, it does not state a cause of action, and a general demurrer thereto should have been sustained.

ID.—LEAVE TO AMEND UPON REVERSAL.—Where a demurrer which should have been sustained was improperly overruled and judgment improperly rendered for the plaintiff, upon reversal of the judgment the plaintiff will be allowed leave to amend.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

George F. Hatton, Hartley F. Peart, and Franklin P. Nutting, for Appellant.

Wm. J. Herrin, for Respondent.

COOPER, P. J.—This action was brought to recover upon an undertaking given to the sheriff of the city and county of San Francisco in order to procure the release of an attachment.   A demurrer was interposed to the complaint, upon the ground that it does not state facts sufficient to constitute a cause of action, and the same was overruled.

It is claimed that there is no allegation that defendant ever made, executed or delivered the undertaking attached to the complaint as an exhibit, and that for this reason the judgment is erroneous, and the demurrer should have been sustained.   Upon examination we can find no allegation in the complaint that defendant ever made, executed or delivered the contract upon which recovery is sought.   It is elementary that in order to state a cause of action against a surety upon

an undertaking, the complaint must in some way allege or show that the defendant executed or delivered the undertaking. (*Seattle Crocker Co.* v. *Haley,* 6 Wash. 302, [36 Am. St. Rep. 156, 33 Pac. 650] ; *Petty* v. *Church,* 70 Ind. 290.) The demurrer to the complaint should have been sustained.

The judgment and order are reversed, and the trial court is directed to allow the plaintiff a reasonable time in which to amend its complaint if so advised.

Kerrigan, J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 6, 1908.