### EHRLICH v. SKLAMBERG et al.

(Municipal Court of City of New York, Borough of Manhattan, Second District. April, 1909.)

1. COURTS (§ 189*)—MUNICIPAL COURT—CLAIMANT'S BOND—FILING—APPROVAL.

Where a copy of a claimant's bond in attachment was served on plaintiff's attorney, who thereupon signed his approval of the original and of the sufficiency of the sureties, the sureties' liability became fixed without the filing and approval of the bond by a justice of the Municipal Court, as required by Municipal Court Act (Laws 1902, p. 1517, c. 580) § 85.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 412; Dec. Dig. § 189.*]

2. ATTACHMENT (§ 337*)—CLAIMANT'S BOND—DESTRUCTION.

Where a claimant of goods in attachment actually received the goods under a bond served on and approved by plaintiff's attorney, the subsequent destruction of the original bond before or after claimant obtained possession did not relieve the sureties from liability.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 1213; Dec. Dig. § 337.*]

3. COURTS (§ 189*)—MUNICIPAL COURT—CLAIMANT'S BOND—FAILURE TO FILE—WAIVER.

Plaintiff was entitled to rely on the claimant filing the bond as required by Municipal Court Act (Laws 1902, p. 1517, c. 580) § 85, and his failure to do so was an irregularity which plaintiff could waive.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 412; Dec. Dig. § 189.*]

4. ATTACHMENT (§ 335*)—CLAIMANT'S BOND—RIGHT TO GOODS—ACTION.

Claimant's right to take the goods on his claim of general ownership was immediate, and hence it was not necessary, in order to enable plaintiff to maintain an action on the claimant's bond, that the marshal should have actually delivered the goods to claimant.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 1206; Dec. Dig. § 335.*]

5. ATTACHMENT (§ 337*)—CLAIMANT'S BOND—DEFENSES—SEIZURE BY RECEIVER IN BANKRUPTCY.

Where a claimant in attachment obtained the immediate right to the possession of the goods attached by the service and approval of a claimant's bond, the fact that claimant's possession was hindered or delayed by the assertion of some right in the goods by the debtor's receiver in bankruptcy, which was thereafter waived, did not affect the sureties' liability on the bond.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 1213; Dec. Dig. § 337.*]

6. ATTACHMENT (§ 337*)—CLAIMANT'S BOND—SURETIES' LIABILITY—CLAIM OF RECEIVER.

That such receiver on voluntarily releasing the goods without any order of the federal court required of claimant a bond for his protection

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was not material to the liability of the sureties on the claimant's attach-
ment bond.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 1213; Dec.
Dig. § 337.*]

7. BANKRUPTCY (§ 198*)—DISSOLUTION OF ATTACHMENT—EFFECT AS TO LIA-
BILITY OF SURETIES ON CLAIMANT'S BOND.

Bankruptcy Act July 1, 1898, c. 541, § 67, 30 Stat. 565 (U. S. Comp. St.
1901, p. 3450), providing that all attachments obtained within four months
of bankruptcy shall be void, refers solely to the property of the bankrupt,
and, where a claimant of property attached as the property of the bank-
rupt has given a bond and obtained possession thereof, the sureties on the
bond are not released by the adjudication, though the claimant did not
prove title to the property.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 296; Dec. Dig.
§ 198.*]

Action by Abraham Ehrlich against Hyman Sklamberg and another.
Judgment for plaintiff.

Charles Frankel, for plaintiff.

Schenkman & Brown, for defendants.

MARKS, J. Briefly stated, the facts as I find and decide them are
as follows: An attachment was issued in the suit of Abraham Ehrlich
v. Sam Rinzler, under which the marshal levied on certain property
of Rinzler, including the property involved in this suit. Sam Salman,
not a party to the action in which the attachment was issued, claimed
a portion of the property so attached as belonging to him, and on the
30th of September his attorney delivered to the attorney for the at-
taching creditor, the plaintiff in this action, the bond provided by
section 85 of Municipal Court act (Laws 1902, p. 1517, c. 580) con-
ditioned "that if in an action upon the bond, commenced within three
months thereafter, the said claimant, Sam Salman, will establish that
he was the general owner of the property claimed at the time of the
seizure; or if he fails so to do that he will pay to the said Abraham
Ehrlich the value thereof with interest, then this obligation to be
void, otherwise to remain in full force and virtue." This bond was
served on the 30th of September, and recited that the sureties therein
named, who are the defendants in this action, would justify before
one of the justices of the Municipal Court on the 2d of October, 1908,
and that the bond would then be presented for approval. The attor-
ney for the attaching creditor at the time the bond was served admitted
service upon the original, and indorsed the following upon the original:

"I hereby approve of the within undertaking both as to the form thereof
and as to the sufficiency of the sureties therein named."

He signed the same, and upon the copy which he retained he made
a copy of this consent. The bond so served upon and retained by
the attorney for the attaching creditor is in evidence. The attorney
for the claimant took the original bond with him, and it does not ap-
pear whether he afterwards had the bond approved by a justice or by
a marshal as provided for by section 85 of the Municipal Court act.
At any rate, he did not file it with the clerk of the court after the
plaintiff's attorney had signed his approval of the bond and of the

sufficiency of the sureties. On the day after the attorney for the plaintiff had been served with this bond, and had given his consent to its approval as to form and as to the sufficiency of the sureties, the defendant in the action whose property had been attached was adjudicated a bankrupt. At this time the marshal had not yet delivered the property to the claimant, Salman. Upon such adjudication of bankruptcy a receiver of the bankrupt's property was appointed who made a demand on the marshal for the goods. The marshal thereupon transferred title to the goods, which were in storage, to the receiver.

The claimant Salman, still claiming to be entitled to the property involved in this suit and mentioned in his undertaking given to the attaching creditor, claimed it from the receiver, and made a demand on him for the property. The receiver, upon some evidence presented to him by Salman of his alleged ownership, released whatever right he had, if any, to the goods in question upon Salman executing to him, the receiver, a bond for the protection of the receiver. Upon receiving such bond, the receiver directed that the goods which were in the storage warehouse and title to which had been transferred to the receiver by the marshal, as above mentioned, be delivered to the claimant, Salman. No order was made by the United States court directing this to be done. The receiver acted upon his own responsibility for what he deemed the best interests of the estate, feeling that he was secured by the bond given to him. Thereupon Salman obtained possession of the property. This action is commenced within three months after the claimant gave the bond by the attaching creditor upon such bond, as provided by section 85; and in such action the claimant must establish that he was the general owner of the property claimed at the time of the seizure by the marshal.

I find as a fact that the claimant was not the owner of the property at the time of the seizure by the marshal, but that such property was owned by Sam Rinzler, against whom the attachment was issued. A reading and consideration of the evidence convince me that Salman was a party to a fraud to conceal the goods from the creditors of Rinzler, and that the goods in question were taken from Rinzler's premises and hidden in the basement of 167 Essex street, owned by a relative of his, which basement Salman claims to have hired but which is far removed from the regular place where he conducts business.

But the right of the plaintiff to recover is resisted by the defendants in this action, who are the principal and surety on the bond, upon the ground that the original bond was never approved and filed as provided by section 85, the attorney for the claimant stating that, when he learned that the defendant Rinzler had been adjudicated a bankrupt, he destroyed the original bond, and that as section 85 provides that the marshal must deliver the property to the claimant after the bond therein mentioned has been executed, approved, and filed, and as such bond was never approved by a marshal or justice and never filed, the claimant can avoid the effect of having served a copy of the bond and receiving a consent to its approval, particularly as it does not appear that the marshal delivered the property to the claimant

after such bond was given, but that the claimant received the property from the receiver appointed in the bankruptcy proceeding. The failure to have the bond approved and filed cannot in my opinion be raised by the sureties. The claimant was entitled to the possession of the property on the approval of the bond by the attorney for the attaching creditor. In my opinion, when the copy bond was delivered to the attorney for the attaching creditor, it was, so far as any act of the sureties necessary to be done to fix their liability upon the bond, complete.

The fact that another party intervened and claimed the property and released his claim thereto to the claimant does not affect the liability of the sureties. They signed the bond with the intention that it should be kept open, and that their obligation "that if in an action upon the bond, commenced within three months thereafter, the said claimant Sam Salman will establish that he was the general owner of the property claimed at the time of the seizure; or if he fails so to do that he will pay to the said Abraham Ehrlich the value thereof with interest, then this obligation to be void, otherwise to remain in full force and virtue," should enable the claimant to get possession of the property. At the time the copy was delivered to the attorney for the attaching creditor the original was in existence, and its subsequent destruction either before or after the claimant got the goods, so long as he actually received them, cannot alter the liability of the sureties. The requirement of the filing was for the benefit of the plaintiff in the action, and not for the benefit of the claimant or his sureties, and the fact that the attorney destroyed the original and did not file it after he had obtained a consent to its form and to the sufficiency of the sureties cannot be asserted by the sureties as a defense to the bond when the claimant as it appears has actually received the benefits for which the bond was given. In my opinion the failure to have the bond approved either by a marshal or by a justice and filed was not jurisdictional, but was an irregularity which the plaintiff could waive. He had the right to rely on the claimant complying with the statute, and, if he did not, the attaching creditor could rely on the copy bond served, and waive all irregularities in failing to have it filed. The sureties by executing the bond and leaving it with the attorney for the claimant placed it in his power to deliver it as a valid and complete instrument. But he delivered it, and thereby the attaching creditor was induced to forego watchfulness over the property, and released the rights he had obtained under the attachment. The claimant is bound by the acts of his attorney in delivering the bond, and the sureties are estopped from now questioning the recitals in the undertaking. See Haywood v. Townsend, 4 App. Div. 246, 38 N. Y. Supp. 517; Blake v. McNamara, 9 Misc. Rep. 212, 29 N. Y. Supp. 676; Russell v. Freer, 56 N. Y. 67; Palen v. Starr, 7 Hun, 422. In my opinion, to maintain this action, it is not necessary that the marshal shall have actually delivered the goods to the claimant to make the sureties on the bond liable. The claimant's right to take the goods was that he was the general owner of them at the time of seizure, and the bond he gave was that he would prove that in an action to be commenced within three months thereafter.

Whatever interfered with his right to the possession thereunder or delayed him in obtaining possession after the giving of the bond does not invalidate the condition of the bond. He was entitled to the immediate possession of the goods when he gave his bond, and the fact that a receiver in bankruptcy claimed them thereafter or asserted some right to them, which right and claim was waived by the receiver, and that the claimant got the goods after the receiver released his right thereto, does not relieve the sureties from the necessity of the claimant proving his right and title thereto, when as a fact the claimant actually obtained the goods attached by the marshal. If the receiver chose to release his right to the possession of the goods in question, or, having none, delivered the goods to the claimant, then the position of the parties was the same as if the receiver never obtained possession of it, and it reverted to the claimant Salman under his claim made under section 85 and the bond given by him for possession of the same. The receiver required a bond for his protection. That is immaterial. The goods were not ordered to be delivered to the claimant by any order of the United States court. The receiver voluntarily released whatever claim he had, if any, to the goods. The bond is not conditioned upon the claimant receiving the property from the marshal and the liability of the sureties was not limited to a delivery of the goods by the marshal, but the very object of giving the bond was accomplished when it released the property from the lien of the plaintiff's attachment, and the claimant gained the right to the possession of the property. The rights and liabilities of the parties were fixed when the bond was served and the plaintiff's attorney accepted it and approved it. All claim of the plaintiff under his attachment was then abandoned, and all his rights to retain it gone, and all there was left for the claimant to do was to comply with the conditions of the bond and establish that he was the general owner of the property claimed at the time of the seizure.

The further claim is made by the defendants that the adjudication in bankruptcy on the day after the bond was given nullifies all proceedings thereunder, and that the attachment obtained in the action became void, and the bond sued on also became void and unenforceable in view of the fact that such adjudication stayed all proceedings and prevented the marshal from delivering the property to any one. The bankrupt law (Act July 1, 1898, c. 541, § 67, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]) provides that all liens, judgments, attachments, and other liens obtained in legal proceedings against a person who is insolvent at any time within four months prior to the filing of the petition in bankruptcy against him shall be deemed null and void in case he is adjudged a bankrupt and the property affected thereby shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt; but this refers to the property of the bankrupt. It does not and cannot have any reference to the property belonging to a third party. In my opinion the claimant cannot enforce the provisions of the bankrupt law, and claim that the property passes to the trustee in bankruptcy and at the same time claim the property as his, and not as the bankrupt's. If the property in question belonged to the claimant

Salman at the time the marshal seized it under the attachment and when he gave the bond, it could not and did not pass to the trustee, and the marshal was not prevented from delivering the claimant's property to him. The adjudication only prevented the marshal from interfering with the bankrupt's property, and prevented him from delivering the bankrupt's property to any one but the receiver or trustee. If the marshal was satisfied that under the attachment against Rinzler he had seized the property of A., he could have safely delivered A.'s property to him notwithstanding the bankruptcy proceedings against Rinzler; and if it was subsequently proven that A. was not the owner, but that the bankrupt owned the property, then the marshal could be proceeded against as well as the claimant to whom he delivered it. But the claimant here maintained at all times it was his property. If, in fact, it was his, then the bankrupt's trustee or receiver took no title to it by reason of the adjudication in bankruptcy. That property was not under such circumstances in any way affected by the provisions of section 67 of the bankruptcy law, and it had no right to be attached by the plaintiff in this action as the bankrupt's property. The act provides that all attachments of the bankrupt's property are discharged and released by the adjudication of bankruptcy and all the bankrupt's property so attached passes to the trustee. The claimant at all times had the right to his property, regardless of the bankruptcy proceedings against Rinzler, and regardless of the attachment obtained by the plaintiff. If it was not the bankrupt's property, the receiver had no title or claim thereto, and had no claim to release, and never was entitled to the possession of it. The receiver or trustee in bankruptcy can raise the claim, under section 67, that the attaching creditor's lien upon the property involved in this suit fails by reasons of the adjudication in bankruptcy; but that applies only if it is the bankrupt's property, and not the claimant's. The trustee or receiver has not applied to have that property discharged from the lien of the attachment. He treats it substantially as no part of the bankrupt's estate, but as the claimant's, having released to the claimant whatever right he acquired by the marshal having transferred title to him. The marshal had no title to transfer if it was not the bankrupt's property, and the receiver had no right to retain it. In my opinion the claimant cannot say that the provisions of the bankruptcy law should be enforced, and say that the lien of the attachment was discharged, and that he is not liable under the bond unless he admits that the property was never received by him, or that it was the bankrupt's, and thus passed to the receiver, and that he was prevented from receiving it by the bankruptcy proceedings as being the debtor's property. In other words, he cannot claim to have been the owner, give a bond to obtain the property, still claim to be the owner, try his title to it in this case as owner, maintaining ownership, retain the property, and avoid the consequences of his bond if he fails to establish ownership. By giving the bond he gained the right to the possession of the property pending the determination of his title thereto in an action to be brought upon the undertaking. In order to make the defendant liable, I do not think I am obliged to find even that the property claimed was that of the

bankrupt. The bond is forfeited if, as it provides, the claimant fails to establish he was the general owner of the property claimed at the time of the seizure. He failed to establish he was the general owner. The fact that the evidence warrants me in finding that the property belonged to the bankrupt does not in my opinion prevent a recovery or enable the defendant to say that because it has been proven he was not the general owner, but that the bankrupt is the owner, he can escape the penalty of the bond because the property passed to the receiver or trustee. The bankrupt's estate loses nothing because the trustee can recover against the claimant and his sureties upon the bond given to the receiver for taking from him the property of the bankrupt under a false claim of ownership. But this is a question which does not enter into the determination of this case. I do not think the claimant can in this action raise the defense that under the bankruptcy law the property passed to the trustee, and at the same time insist that he, the claimant, is the owner. The trustee or receiver in bankruptcy has not asserted his right to this property, or asserted his right to have the attachment declared void, and the property released as the bankrupt's. It is not a question between the creditors of the bankrupt's estate or the receiver or trustee or between the receiver and an attaching creditor, nor need I consider what steps the trustee in bankruptcy can take if he is satisfied that the property involved in this suit is the bankrupt's. I believe that all I am called upon to decide is: Has the claimant, Salman (claiming ownership of the goods when the bond was given, who disputed the right of the receiver or trustee to them as part of the bankrupt's estate, claiming them as his, who fails to defend this action upon the ground that the property passed to the receiver as part of the bankrupt's estate, and who in this action, claiming still to be the owner, attempts to prove his ownership), proven that he was the general owner of the property claimed at the time of the seizure? Finding he was not, I think the plaintiff is entitled to judgment for the value of the property delivered to him.

The testimony as to that portion of the property attached and delivered to the claimant is somewhat conflicting; but from all the evidence I find that the fair and reasonable value of such property that was seized and was delivered finally to the claimant was the sum of $240, for which amount judgment is awarded to the plaintiff.