(65 Misc. Rep. 15.)

EHRLICH v. RINZLER et al.

(Supreme Court, Appellate Term. November 12, 1909.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—ATTACHMENT—LIABILITY ON CLAIM-
    ANT'S BOND FOR POSSESSION.

    Municipal Court Act (Laws 1902, p. 1517, c. 580) § 85, provides that, if a person not a party to an attachment claims any property not reclaimed by defendant, such person may file with the clerk a bond, to be conditioned that, in an action thereon within three months, the claimant will establish his general ownership of the property, or pay plaintiff the value, with interest, and the marshal must deliver the property to claimant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

*Held* that, upon the approval of the bond and the order for delivery of the property, it is incumbent upon the claimant to obtain the property, the provision that the marshal must deliver it being purely for the protection of the claimant, and the obligation to deliver the property resting upon the marshal alone, and plaintiff being justified in relying upon the bond; and if the claimant does not prove his general ownership in an action on the bond within three months his sureties are liable thereon, though claimant did not receive the property, which was taken from the marshal by another person's trustee in bankruptcy.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. ATTACHMENT (§ 335*)—LIABILITY ON CLAIMANT'S BOND FOR POSSESSION—AMOUNT OF RECOVERY.

A claimant's bond in attachment, being conditioned to pay $115, and to be void upon performance of a specific act, must, under Code Civ. Proc. § 1915, be construed as if it were a covenant to pay the sum specified in the condition thereof, and recovery thereon is limited to that amount.

[Ed. Note.—For other cases, see Attachment, Dec. Dig. § 335.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Abraham Ehrlich against Moses Rinzler and others. Judgment for plaintiff, and defendants appeal. Modified and affirmed.

See, also, 119 N. Y. Supp. 337.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Abraham Brill, for appellants.

Charles Frankel, for respondent.

DAYTON, J. Defendants gave their bond to release a horse and wagon attached in an action brought by Abraham Ehrlich against Samuel Rinzler. The bond was approved, filed, and an order made thereon directing the marshal to deliver the property to the claimant, Moses Rinzler, defendant's father. Subsequently to the levy a receiver in voluntary bankruptcy was appointed for Samuel Rinzler, against whom the attachment was issued. The receiver demanded and received the property from the marshal. This action to recover upon the bond was brought within the three months. Moses Rinzler defended on the ground that he was the owner of the property by virtue of a bill of sale from his son Samuel. The jury found against Moses Rinzler; the trial judge very properly remarking:

"The jury could not have rendered any other verdict on the evidence. If they had rendered any other than the one they did, I should promptly have set it aside."

The only question on this appeal is whether, plaintiff having failed to prove that Moses Rinzler received the horse and wagon attached, and for the delivery of which this bond was given, the complaint should have been dismissed. The object of sections 85, 86, and 87 of the Municipal Court act (Laws 1902, pp. 1517, 1518, c. 580) is to enable a claimant to obtain the attached property by giving an adequate bond to take the place of the property, and the judgment, if for the plaintiff, must be for the value of the property, with interest. Upon the filing and approval of such bond, the marshal must deliver it to the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

clerk of the court. Upon the delivery, filing, and approval of this bond, and the order for the delivery of the property, it was incumbent upon Moses Rinzler to obtain the property for which his bond stood. The bankruptcy of his son and the taking of the property by his receiver did not relieve the defendants. The reasoning of Mr. Justice Herrick in Haywood v. Townsend, 4 App. Div. 246, 38 N. Y. Supp. 517, applies. In that case the bond was not filed, but it was held as follows:

"Their signing the bond was not conditioned upon its being filed. As above stated, the requirement that it should be filed was not for their benefit. * * * When they delivered it to him [the trustee], and left it with him after having executed it, it was, so far as any act of theirs was necessary to be done to fix their liability upon the bond, complete. When they placed in his hands the bond signed by them, their act was finished. Does the fact that, after it had partially fulfilled its office, but while its more important function remained unperformed, it was taken and destroyed by one of its signers, change the situation, except as to whether such instrument ever existed? It seems to me not."

The case at bar is less extreme. When this bond was approved and filed, and the order made for the delivery of the property to Moses Rinzler, the property was released from the attachment; and, if Moses Rinzler failed to obtain it, must plaintiff lose the attachment and the bond, too? Plaintiff was justified in relying upon the bond and in paying no further attention to the property for which the bond was substituted. Rinzler had his remedy against the receiver in reclamation proceedings. Surely plaintiff was not bound to take the bond, and at the same time put the property into the claimant's possession. The only condition of the bond, as prescribed in section 85, Municipal Court Act, is that in an action upon the bond, to be commenced within three months thereafter, the claimant will establish that he was the general owner of the property claimed at the time of the seizure, or, if he fails to do so, that he will pay to the plaintiff the value thereof, with interest. That issue was tried in this case, and it was found that Moses Rinzler was not such owner. Section 85 of said act concludes with the following clause:

"The marshal must thereupon deliver the property claimed to the claimant."

This is a mandatory direction to the marshal after the bond has been approved and filed. It is purely for the protection of the claimant, in furtherance of his bond, and the obligation to deliver the property rests upon the marshal alone. The plaintiff stands indemnified for the release of his attachment, and the sureties must pay if he recovers in the action against his claimant.

The motion to dismiss the complaint was properly denied. Defendants' bond, however, was conditioned to pay "one hundred and fifteen dollars," and must be construed "as if it were a covenant to pay the sum * * * specified in the condition thereof." Code Civ. Proc. § 1915. The verdict was for the sum of $230, the amount named in the penalty. This was error, as no more than $115 could be recovered.

The judgment must, therefore, be modified, by reducing the same to the sum of $115, and, as modified, affirmed, without costs of this appeal to either party. All concur.