[Civ. No. 734. Second Appellate District.—January 5, 1910.]

# W. F. BOTSFORD, Respondent, v. BEN HENEY, Appellant.

CONTRACT TO PURCHASE MINING STOCK—INDORSEMENT—ASSIGNMENT—ESCROW—TERMS OF PAYMENT—COMPLETION OF CONTRACT.—Where a contract by defendant to purchase mining stock representing a mine belonging to plaintiff's assignor was effected by correspondence, after which it was agreed that the indorsed stock and an assignment of the mining interest should be deposited in a bank in escrow, to be delivered to defendant upon his payment of the price at an agreed time without interest, for which he was to give a note, the contract was complete upon effecting such delivery in escrow, and notifying defendant thereof, and it was not essential to its completeness that the note should be first signed by the defendant, the terms of the agreement being definite and complete independently thereof.

ID.—EFFECT OF DEPOSIT FOR DELIVERY ON PAYMENT OF NOTE.—The deposit in the bank for delivery upon payment of the agreed note as requested by defendant was equivalent to a deposit for delivery upon payment of a stipulated price.

ID.—DELIVERY TO BANK AS AGENT OF DEFENDANT AS PURCHASER.—The delivery to the bank by the vendor was to an agent of the purchaser designated by him, and when so delivered it was too late for either party to retract, and the sale was complete.

ID.—NOTICE OF ESCROW BY VENDOR SUFFICIENT—NOTICE FROM BANK NOT REQUIRED.—The notice by the vendor to the purchaser of his compliance with the terms of the escrow was sufficient, and it was not necessary that the bank should also give such notice.

ID.—EFFECT OF CONSTRUCTIVE DELIVERY—CONSTRUCTION OF CODE.—Section 1659 of the Civil Code, making a delivery to a third person a constructive delivery, "when it is delivered to a stranger for the benefit of the grantee, and his assent is shown or may be presumed," is in principle equally applicable to any contract.

ID.—PASSAGE OF TITLE TO DEFENDANT AS PURCHASER.—There being no room for controversy as to the vendor's absolute and unqualified acceptance by the vendor of the defendant's offer, and the delivery being made, although constructively, but pursuant to defendant's request and demand, the title passed to the defendant as purchaser.

ID.—REMEDY OF PLAINTIFF AS ASSIGNEE OF VENDOR UPON DEFAULT OF DEFENDANT TO PAY.—Where the defendant as purchaser made default in his payment of the purchase price as agreed, the plaintiff,

as assignee of the vendor, has the vendor's elective remedy to en-
force payment of the agreed purchase price against the defend-
ant.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Marshall Stimson, for Appellant.

Max Loewenthal, and Denis & Loewenthal, for Respond-
ent.

ALLEN, P. J.—Appeal by defendant from a judgment
and an order denying a new trial.

The action was one to recover the purchase price of cer-
tain shares of mining stock alleged to have been sold by
one Mellus to defendant for an agreed price, and the assign-
ment of the claim for such unpaid purchase money by Mel-
lus to plaintiff.

The court found that on June 17, 1907, Mellus sold and
delivered to defendant the shares of stock; that defendant
agreed to pay therefor the sum of $14,500, on or before
September 10, 1907; that before suit the demand was by
Mellus assigned to plaintiff, and by reason of nonpayment,
judgment went for plaintiff in the sum demanded.

It is contended by appellant that the evidence is insuffi-
cient to support the findings with reference to the sale, or
the agreement to pay the stipulated price, or the assignment
of the claim. The contract was evidenced by correspondence
in which defendant offered to pay Mellus in cash, on or be-
fore August 10, 1907, dollar for dollar on account of his
original investment in the Hardshell-Flux mining proper-
ties, and $10,000 in addition. Mellus, on the eleventh day
of June, by letter, accepted the proposition and notified de-
fendant that he had placed the 9,000 shares of stock in the
American National Bank subject to his order, when $14,500
was paid to the bank, and that the bank would forward a
note to be signed, evidencing the debt, payable August 10th,
without interest. Defendant, on June 14th, wrote to Mellus
objecting to the form of the note sent by the bank and in-

closing a note in such form as he would sign, but asked to modify his proposal to pay August 10th, and make the note payable September 10, 1907, and in the letter stated that the modification of his original offer was, total cash sum to be paid thirty days later than the date first mentioned, and required Mellus to make a written assignment of his interest in said mining properties, which, with the shares of stock assigned, were to be placed in escrow, deliverable upon payment of the note. Mellus accepted the modification and by written assignment transferred to defendant all his interest in the mining properties and delivered the shares of stock, duly indorsed, to the American National Bank to be delivered upon payment of the note, and defendant was notified by Mellus of this fact. It was not necessary in order to complete the contract that the bank give a notice to the same purport. Mellus' notice was sufficient to apprise defendant of the full compliance with his demands in reference to the escrow. It is conceded that the original investment of Mellus in the mining properties and this stock was $4,500. We do not think that appellant's contention that no contract was to be completed until the note was signed and forwarded can be sustained. The terms of the agreement were all complete, the price at which the stock was purchased was stipulated, and even the time of payment was stated. The deposit in the hands of the bank for delivery upon payment of the note, as requested by defendant, was equivalent to a deposit for delivery upon the payment of a stipulated price. The delivery to the bank by Mellus was to an agent of the purchaser designated by him, and when so delivered it was too late for either party to retract and the sale was complete. The due and proper indorsement of the stock is made to appear from the evidence. Section 1059, Civil Code, provides that: "Though a grant be not actually delivered into the possession of the grantee, it is yet to be deemed constructively delivered in the following cases: . . . 2. Where it is delivered to a stranger for the benefit of the grantee, and his assent is shown, or may be presumed." Referring to this section of the code, our supreme court in *Carr* v. *Howell,* 154 Cal. 380, [97 Pac. 889], says: "While this section relates by its terms to a grant, we think the principles therein laid down are equally applica-

ble to any contract.'' There is no room for controversy as to the absolute and unqualified character of Mellus' acceptance of the offer. The delivery being made, although constructively but pursuant to defendant's request and demand, the title passed to Heney and plaintiff possessed elective remedies upon default, of which suing for the purchase price is one. (*Lassing* v. *James*, 107 Cal. 358, [40 Pac. 534].) We see nothing in *Van Allen* v. *Francis*, 123 Cal. 474, [56 Pac. 339], establishing a contrary doctrine. The assignment appearing in the record seems to us to be complete, and a full performance of the conditions imposed by defendant in his letter of June 14th.

We see no prejudicial error in the record, and the judgment and order are affirmed.

Shaw, J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 3, 1910.