555 P.2d 1164 (1976)
TANCO, INC., a Colorado Corporation, Plaintiff-Appellant,
v.
HOUSTON GENERAL INSURANCE COMPANY, Defendant-Appellee.
No. 75-705.
Colorado Court of Appeals, Div. II.
July 15, 1976.
Rehearing Denied August 19, 1976.
Certiorari Denied November 1, 1976.
*1165 Quiat, Bucholtz & Bull, P. C., James Bull, White & Steele, P. C., Lowell White, Denver, for plaintiff-appellant.
Hindry & Meyer, P. C., Richard S. Hays, Denver, for defendant-appellee.
Selected for Official Publication.
ENOCH, Judge.
Plaintiff, Tanco, Inc., appeals from a judgment holding that performance and payment bonds issued by defendant, Houston General Insurance Company, never became operative and effective and therefore Houston General was not liable as surety thereon. We reverse.
Tanco, the general contractor on a low income housing project, entered into a subcontract with Colorado Springs Plumbing Company which began working on the project although the bonds required by the contract had not been obtained. After several months on the job, Tanco became concerned about the plumbing company's financial stability and insisted that the required bonds be provided. Houston General's attorney-in-fact in Denver received authorization to execute and deliver the bonds requested by the plumbing company. The attorney-in-fact prepared and executed the bonds on behalf of Houston General and intended to mail them to the plumbing company, the principal, for signature. However, an agent for Tanco, the obligee, offered to hand-carry the bonds to the plumbing company for signature. The bonds, which provided for the joint and several liability of the principal and surety to the obligee, and which incorporated the provisions of the subcontract, were taken by Tanco's agent to the plumbing company. Tanco's agent was informed there that the signature of an officer of Godwin-Bevers Co., Inc., would be required, since the plumbing company was a wholly owned subsidiary of Godwin-Bevers. The bonds were left at the office of Godwin-Bevers, but were never signed by any officer of the principal. Approximately two weeks later, Tanco received a telegram from Houston General stating that the bonds were unauthorized and that they were null and void. Shortly thereafter, the plumbing company defaulted on its obligations under the subcontract, and a demand was made by Tanco on Houston General to comply with the provisions of the bonds. Houston General refused to honor the bonds and this suit followed.
The trial court found that Tanco's agent and the attorney-in-fact for Houston General intended that Tanco's agent deliver the bonds to the plumbing company for the signature of the principal and concluded that the bonds were never "legally" delivered to Tanco. It found that the burden to prove delivery was upon Tanco as the obligee and that Tanco had failed to meet its burden of proof. Additionally the trial court concluded that Tanco had failed to prove that it had accepted the bonds prior to the revocation by Houston General.
Upon analysis of the evidence presented, we reject the trial court's conclusion regarding lack of delivery and failure to accept. We conclude that the bonds were operative and did give rise to liability on the part of Houston General as surety thereon. We agree with the trial court's conclusion that the physical delivery of the bonds to Tanco's agent with the intention that the bonds be carried to the principal for its signature was not delivery to Tanco *1166 in the legal sense. As the trial court found, Houston General handed the bonds to Tanco's agent with the condition that he take them to the principal for signature. Hence, at that point the agent of Tanco was a mere depository. See Dunlap v. Willett, 153 N.C. 317, 69 S.E. 222.
Nevertheless, delivery to the obligee may occur when bonds are delivered to the principal for its signature. In Donaldson v. Hartford Accident & Indemnity Co., 269 Pa. 456, 112 A. 562, the court held that a bond was delivered by the surety when it was mailed to the principal for the principal's signature, even though the bond never came into possession of the principal. This analysis was reiterated in Hanauer v. National Surety Co., 279 Pa. 345, 123 A. 863, in which the court held that when the surety's agent deposited the bond in the office of the principal to await the signature of the principal's president, delivery was completed and as to the surety's liability, that action was equivalent to delivery to the obligee. Thus, delivery being a question of intent, Flora v. Aetna Casualty & Surety Company, 207 Cal.App.2d 376, 24 Cal.Rptr. 305, if Houston General intended to part irrevocably and unconditionally with its dominion and control of the bonds at the point when they were delivered to the principal for its signature, then delivery to Tanco was accomplished at that time.
The evidence indicates that the bonds were transmitted to the principal for its signature and the intention was that the bonds would then be delivered to Tanco by the principal. There is no evidence that Houston General intended that the bonds be returned to its office after signature of the principal. Rather, the evidence shows that it was the intention of both the surety and obligee that Tanco's agent would take the bonds to the principal for its signature and Tanco would then retain the bonds. Thus, Tanco met its burden of proving the bonds had been delivered to the obligee.
Houston General relies on J. R. Watkins Medical Co. v. Johnson, 70 Colo. 320, 201 P. 47, for the proposition that Tanco was required to prove that the surety consented to delivery without the signature of the principal. However, since delivery of the bonds to Tanco was completed when Houston General transmitted the bonds to the principal for its signature, this case is inapposite.
We agree with the trial court's conclusion that if the bonds had been delivered to Tanco, the fact that they were unsigned by the principal would not prevent the establishment of Houston General's liability as surety. The bonds in question provided for joint and several liability to Tanco on the part of the surety and the principal, and incorporated by reference the provisions of the signed subcontract between Tanco and the plumbing company. Additionally, the principal had previously executed an indemnification agreement in favor of Houston General; thus, the lack of signature of the principal does not invalidate the bonds as to the liability of the surety. Donaldson v. Hartford Accident & Indemnity Co., supra; 72 C.J.S. Principal and Surety § 48.
However, the trial court's conclusion that Tanco had failed to accept the bonds prior to revocation by Houston General is unsupported by the evidence. The evidence indicates that it was the intention of Tanco to accept the bonds as soon as they were properly executed and legally delivered. Since acceptance need not be made in a formal manner, but may be implied from the circumstances, Drescher v. Fulham, 11 Colo.App. 62, 52 P. 685, the fact that Tanco was uncertain as to when legal delivery had occurred and therefore made no formal acceptance, is not determinative of this issue. Before Tanco's agent carried the bonds to the principal for its signature, he first had the bonds examined by Tanco's own insurance agent, who stated that they were acceptable. Thus, Tanco clearly demonstrated an intention to accept the bonds, and acceptance by Tanco at the time legal delivery was effectuated may be implied under these circumstances. Therefore, *1167 the bonds were accepted prior to the attempted revocation by Houston General.
The judgment is reversed and the cause is remanded for such further proceedings as necessary for determination of the amount of the judgment to be entered for Tanco against Houston General, including interest thereon as determined by the trial court.
SILVERSTEIN, C. J., and SMITH, J., concur.