LOTTINGER, Judge.
This is an appeal from a judgment fixing liability of a surety, Bud Adams Enterprises, Inc., formerly Ada Oil Company, said judgment decreeing that Bud Adams Enterprises, Inc., is liable in solido with Quick-ick International as the result of Ada Oil Company being surety on the suspensive appeal bond in an appeal from a money judgment against K. S. Adams, Jr. and Quickick International, signed on September 28, 1973 in the amount of $263,729.60, plus interest, costs, and attorney fees.
The original action was a suit to collect a debt owed by Quickick International to Quickick, Inc. for the purchase of the product “Quickick”. Quickick, Inc. was plaintiff and Quickick International, hereinafter sometimes referred to as International; K. S. Adams, Jr., hereinafter sometimes referred to as Adams; and Ada Oil Company, hereinafter sometimes referred to as Ada; were defendants. Plaintiffs sought to impose liability on Adams and Ada on the theory that they were the alter ego of International, and, therefore, liable for its debts. The judgment of the Trial Court entered September 28, 1973 held International liable on the debt and also held Adams liable in solido on the basis that International was the alter ego of Adams. The action against Ada was dismissed.
International and Adams appealed to this Court [1], wherein the Trial Court judgment was affirmed as to International, but reversed as to Adams, thus dismissing him. This Court held that Adams was not the alter ego of International and, therefore not responsible for the debt of International.
*1315 It was in connection with the first appeal to this Court that the instrument headed “Suspensive Appeal Bond” was prepared, signed, and filed. Said bond provides in pertinent part, as follows:
“NOW THEREFORE we the undersigned K. S. Adams, Jr., as Principal and Ada Oil Company, a Delaware Corporation, authorized to do and doing business in the State of Louisiana, through L. W. Fisher, Senior Vice President, as Surety do by these presents promise and agree that Quickick International and K. S. Adams, Jr. appellants, shall prosecute the said appeal and that they shall satisfy whatever judgment may be rendered against them, or that the same shall be satisfied by the proceeds of the sale of their estate, real or personal, if they be cast in their appeal and that otherwise the undersigned, Ada Oil Company as Surety, will be liable in its place." (emphasis added)
The foregoing bond was signed by Adams, as principal and by L. W. Fisher for Ada as surety. International did not sign the bond nor did it sign an affidavit as a principal as to the worth of the surety. It is also important to note at this point that the surety, Ada, was not at any time domiciled in Louisiana.
Briefly, it is the position of Quickick, Inc. that Ada became surety on the suspensive appeal bond for International. On the other hand, it is defendants-appellants’ position that Adams was the only principal for which Ada was surety and that since the appeal to this Court dismissed the suit against him, Ada has no further obligation on its bond.
Defendants-appellants’ reasons for the appeal from the judgment of the Trial Court holding Bud Adams Enterprises, Inc., formerly Ada, liable as surety for International are threefold. Appellants’ first argument is that the surety has assumed no liability of International based on a reading of the language of the bond. Appellants also argue that International’s filing of a devolutive appeal bond, following rendition of judgment by this Court on the appeal of the original money judgment, had the effect of making International’s appeal devol-utive. Secondly, appellants argue that the Trial Court erroneously excluded parol evidence, namely testimony, in order to interpret the meaning of the suspensive appeal bond. Thirdly, defendants-appellants urge that Bud Adams Enterprises, Inc. should be relieved of liability as surety on the bond in order to prevent unjust enrichment.
We will answer the three above contentions in reverse order.
The argument of unjust enrichment is made because International is a defunct corporation, with no assets, and unable to satisfy a judgment. Appellants argue that to hold Bud Adams Enterprises, Inc. liable for the debts of a defunct corporation leads to unjust enrichment. We do not agree with this contention but find on the contrary that the judgment creditors would not be unjustly enriched but would be receiving that to which entitled by reason of the original judgment.
On the question of the admissibility of parol evidence, we agree with the Trial Court’s refusal to admit parol evidence for the reason that parol evidence is admissible only to prove an independent, collateral fact about which the written contract was silent. Parol evidence is not admissible to alter, vary or contradict the written contract. The question before this Court is an interpretation of the language of the suspensive appeal bond itself, and we see no independent or collateral fact which needs clarification.
Finally, we come to the interpretation of the language of the contract itself and also the question of the effect of International filing a devolutive appeal bond after the case had been argued and judgment rendered on the appeal of the original money judgment to this Court.
We agree with appellants that nowhere in the bond is International named as a principal. We also agree with appellants’ statement of the law that suretyship is an assessory promise by which a person binds himself along with another already bound. *1316 While International has not promised or agreed to undertake and/or prosecute the appeal by the language of the bond, the fact remains that International is bound on the obligation in question by virtue of the judgment already rendered. It is well settled, and appellant in brief admits, that a principal on a judicial bond need not sign the bond. Therefore, since International is already bound on the money judgment, the requirement that suretyship be an assessory promise by which a person binds himself along with another already bound is met.
A paraphrase of the pertinent language in the bond in question reveals the following:
Ada Oil Company, ... as surety promise and agree that Quick-ick International and K. S. Adams, Jr. appellants, shall prosecute the said appeal and that they (Quickick International and Adams) shall satisfy whatever judgment may be rendered against them, (Quickick International and Adams) or that the same shall be satisfied by the proceeds of the sale of their (Quickick International and Adams) estate, . . . , if they (Quickick International and Adams) be cast in their (Quickick International and Adams) appeal and that otherwise the undersigned, Ada Oil Company as Surety, will be liable in its place.
In spite of the fact that Quickick International is not named as a principal, it is named as an appellant and there is no way around the language that if appellants be cast in their appeal that Ada, as surety, will be liable.
Following oral argument and rendition of judgment on the first appeal herein, International filed a devolutive appeal bond and Adams filed a second suspensive appeal bond, the surety on both of these being by an insurance company authorized to do business in Louisiana. Appellants’ alleged purpose for the new bonds being the fact that Ada was not domiciled in Louisiana as is required of a personal surety. We find that this new bond in behalf of International has no effect insofar as releasing Ada as surety for the following reasons. Though by LSA-C.C.P. Art. 5124 the party furnishing a bond may correct any defects therein by furnishing a new or supplemental bond at any time if no rule to test the original bond has been filed, we do not see that this can be applicable once the Court has rendered judgment. Furthermore the third and final paragraph of LSA-C.C.P. Art. 5124 provides as follows:
“The furnishing of a supplemental bond, or the furnishing of a new bond by a different surety, does not discharge or release the surety on the original bond; and the sureties on both are liable in solido to the extent of their respective obligations thereon and may be joined in an action on the bond.”
By the above quoted language, there is no doubt that Ada remained bound regardless of the fact that a devolutive appeal bond was later filed by International. Finally, though it seems elementary, we point out that though Ada was not a proper surety under our law because not domiciled in Louisiana, nevertheless this is an objection which the appellee would have to raise. It can not be raised by Ada as a means of avoiding its obligation.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed. All costs of this appeal are to be paid by defendants-appellants.
AFFIRMED.

. Quickick, Inc. v. Quickick International, 304 So.2d 402 (La.App. 1st Cir. 1974), writ refused, 305 So.2d 123 (La.1974).