RICHARD L. BOWEN & ASSOCIATES, INC., Appellant,

v.

1200 WEST NINTH STREET LIMITED PARTNERSHIP et al., Appellees.

[Cite as *Richard L. Bowen & Assoc., Inc. v. 1200 W. Ninth Street L.P.* (1995), 107 Ohio App.3d 750.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68455.

Decided Dec. 13, 1995.

*Christopher M. DeVito*, for appellant.

*Jeffrey H. Light; Ann L. Meyers & Associates Co., Frederic P. Schwieg* and *Ann L. Meyers,* for appellee.

---

KARPINSKI, Judge.

This case presents an issue of first impression to this court. We are asked to answer the question of whether a $100,000 supersedeas bond which is executed by the surety company but not signed by the principal or filed with the court is still enforceable by the obligee. We answer this $100,000 question in the affirmative and thus reverse the judgment of the lower court. The relevant facts follow.

Plaintiff-appellant, Richard L. Bowen & Associates, Inc. ("Bowen"), filed an action against defendant-appellee Kassouf for payment for architectural services. After a jury trial, Bowen was awarded a judgment of $1,505,580.36 against Kassouf. On October 6, 1992, Kassouf posted property as supersedeas bond to stay execution of the judgment while Kassouf appealed to this court of appeals. This court affirmed the judgment of the trial court.

Kassouf sought further review in the Ohio Supreme Court. Thereafter, on April 8, 1994, the trial court issued an amended order, which reads as follows:

"[I]t is hereby ordered that the defendant's motion for stay of execution pending appeal to the Ohio Supreme Court is granted provided that the previously-ordered conveyance shall remain in effect and posted with the Clerk of Court, and that the defendant shall post an additional supersedeas bond in the amount of $100,000 to secure further appeal."

Kassouf then contacted Century Surety Company ("Century"), which agreed to provide a supersedeas bond in the amount of $100,000 to Kassouf. In exchange Kassouf was to (1) provide a promissory note for $100,000 secured by a mortgage deed for a first lien position on a parcel of real estate and (2) pledge the proceeds of a Merrill Lynch IRA account valued at $33,000.

On April 26, 1994, and April 27, 1994, respectively, Kassouf provided Century with the mortgage and note for the real estate. Century could not solidify the pledge of the IRA from Kassouf, however. Notwithstanding this problem, Century, on April 29, 1994, executed a supersedeas appeal bond for $100,000, naming Kassouf as principal and Bowen as obligee. The bond was sent, via facsimile, to Bowen's attorney on the same day. Accompanying the bond was the following notation:

"Jim Kassouf is picking up original bond on Monday—it was after 4:30 pm when everything came together, so it was too late to get it into the court."

Bowen's counsel advised the court that the bond had been issued by Century. Thereafter, Bowen did not seek to execute on the judgment against Kassouf. Without executing it or filing it with the trial court, Kassouf returned the unexecuted bond to Century on May 27, 1994.

On May 25, 1994, the Ohio Supreme Court denied Kassouf's motion for jurisdiction. Two days later, May 27, 1994, Bowen demanded payment from Century on the $100,000 bond.

Bowen's sole assignment of error states as follows:

"The court erred in denying plaintiff/appellant's motion for summary judgment."

■ The first issue of contention in this case is the standard of review that is to be applied in this case. Bowen argues that a motion for summary judgment is reviewed *de novo*. *Shaw v. Pollock & Co.* (1992), 82 Ohio App.3d 656, 612 N.E.2d 1295. Appellees counter that the applicable standard of review gives deference to the trial court's judgment and findings of fact and affirms the court's decision if some evidence supports its judgment. *State ex rel. Fisher v. McNutt* (1992), 73 Ohio App.3d 403, 597 N.E.2d 539. We agree with Bowen; the issue of whether

this bond is enforceable is a question of law that shall be considered *de novo* by this court.

The bond in question is a supersedeas bond, which is defined as follows:

"An appeal or supersedeas bond is a bond posted on an appeal by an unsuccessful litigant in a trial court action.

" \* \* \*

"A supersedeas bond is distinguished from an appeal bond in that it protects a successful trial court plaintiff from damages that result from the appeal being taken." Wiley, Handling Fidelity, Surety and Financial Risk Claims (1990) 69, Section 4.7.

Further:

"The legislature may provide for a stay bond on appeal upon furnishing security in any amount in its discretion, and such will act as a supersedeas. The liability of the surety on an appeal bond is both immediate and direct." (Footnotes omitted.) 10 Appleman, Insurance Law and Practice (1981) 532, Section 6011.

The first issue is whether the failure to file the bond with the court renders the bond unenforceable. The Ohio Revised Code specifies when a supersedeas bond acts as a stay of execution of judgment. R.C. 2505.10 provides as follows:

"Before a supersedeas bond shall operate to stay execution of a final order, judgment, or decree, its execution and the sufficiency of its sureties shall be approved by the court in which the final order, judgment, or decree was rendered or by the court to which the appeal is taken. In the case of an appeal of a final order, judgment, or decree of a court, the approval shall be obtained pursuant to the Rules of Appellate Procedure or in another applicable manner.

"If a supersedeas bond is approved in connection with any appeal, the fact of approval shall be indorsed on the bond, and the bond shall be filed in the office of the clerk of the court in which the final order, judgment, or decree was rendered or, in the case of an administrative-related appeal, of the court to which the appeal is taken, for the appellee."

Under this statute it is clear that litigants are required to file the bond with the court in order for the bond to operate as a stay of execution pending appeal. Both parties agree that the bond herein was ineffective to stay the execution pending the appeal to the Ohio Supreme Court. Bowen argues that although the unexecuted and unfiled supersedeas bond did not operate as a stay, it is still enforceable as a common-law bond. Appellees, on the other hand, argue that

failure to file the bond with the court not only made it ineffective to stay execution, but also rendered the bond unenforceable as an ordinary bond.

■ We agree with Bowen that the bond was enforceable for two reasons. First, the requirements of R.C. 2505.10 pertain only to bonds acting as a stay of execution. Nothing in the statute refers to the enforceability of the bond. Secondly, while defective statutorily, a bond may still be enforceable at common law. To determine whether a bond is effective as a supersedeas bond, we must look to R.C. 2505.10. To determine whether the bond is enforceable, we must look to the common law of bonds. In other words, a defective statutory bond may still be enforceable at common law. The Ninth Circuit Court of Appeals has described this proposition:

"It is true that under certain circumstances a surety can be held liable under a supersedeas bond that is invalid due to a technical error if enforcement of judgment was in fact suspended. *Haffner v. Commerce Trust Co.*, 184 Okl. 212, 86 P.2d 331, 333 (1938); *Merritt v. J.A. Stafford Co.*, 68 Cal.2d 619, 440 P.2d 927, 930, 68 Cal.Rptr. 447, 449–50 (1968); Annot., 120 A.L.R. 1062 (1939). The so-called 'common law bond doctrine' can be seen as based either on a contract or an estoppel theory. Courts applying a contract theory reason that if there is consideration, the fact that the bond does not meet statutory requirements is no reason not to enforce an underlying agreement of the parties as a common law contract. *See Haffner*, 86 P.2d at 333. The forbearance from enforcing judgment furnishes sufficient consideration. *Id., Annot.*, 120 A.L.R. at 1065." *Burgoyne v. Frank B. Hall & Co.* (C.A.9, 1986), 781 F.2d 1418, 1420.

Other courts have reached this same result. *Hanover Ins. Co. v. Smith* (1990), 137 Ill.2d 304, 148 Ill.Dec. 708, 711, 561 N.E.2d 14, 17; *In re Hampton* (Minn.1985), 374 N.W.2d 264; *Tanco v. Houston Gen. Ins. Co.* (1976), 38 Colo.App. 133, 555 P.2d 1164; *Interstate Acceptance Corp. v. Rosenblatt* (Ky. 1951), 244 S.W.2d 441. Additionally, the Restatement of the Law, Security, addressing this issue, has advised that a defective judicial bond may still be enforceable against the surety if the parties received the benefits of the bond. The Restatement provides as follows:

"Where a surety executes a judicial bond which is defective as not complying with statutory requirements or court rules, or where although the bond itself is in proper form, the principal has not followed the proper procedure in connection with the furnishing of the bond, the surety is nevertheless liable on the bond if the party on whose behalf the bond is delivered has obtained in whole or in part the benefit sought by the delivery of the bond." Restatement of the Law, Security (1941) 522, Defective Judicial Bond, Section 188. See, also, *Hanover, supra.*

This is precisely the same situation as the case at bar. The parties stipulated that Bowen did not seek to execute judgment because Bowen believed the stay was in effect; therefore, Kassouf obtained the benefit sought by the bond. Kassouf having obtained from Bowen the benefit of the bond, statutory defects will not prevent this bond from being enforced against Century, which executed it and sent it to Bowen.

■ The second issue is whether the lack of the principal's signature is a defect rendering the bond unenforceable at common law. Ohio courts have held that such a defect is not fatal for this purpose.

" * * * The failure of the principal to sign the bond does not render it ineffective. Even though the public officer recited in the bond does not sign it, his sureties who do execute the bond are liable. *State for the use of the Treasurer of State v. Bowman* (1841), 10 Ohio 445; *Johnson v. Johnson* (1876), 31 Ohio St. 131." *State ex rel. Haycock v. Miller* (Jan. 30, 1973), Franklin App. No. 72AP–290, unreported.

The same result was reached by the Knox Court of Appeals, which enforced a bond signed by the sureties but not by the principals. *Small v. Payne* (July 27, 1982), Knox Appellate No. 82–CA–01, unreported, 1982 WL 3059. The court in *Knox* went on to state as follows:

"We find the evidence is sufficient to show and to allow the trial court to find that the appellants, [sureties] signed the bond document knowing its purpose and intending it to be used for that purpose. It was, in fact, used for the intended purpose which was to allow the defendants in the forcible entry and detainer case to continue to live in the property rent free. The judgment on the bond is for that damage.

"It is our judgment that the [sureties] are estopped to assert any of the defects on the form of the bond by the fact that they knew what they were doing and got what they wanted by their signatures and all parties relied upon the legal effectiveness of the document to accomplish its intended purpose."

Other jurisdictions have come to the same result that failure of the principal to sign a surety bond does not render the bond unenforceable. *Brown v. Owen* (Tex.App.1968), 436 S.W.2d 373; *Quickick, Inc. v. Quickick Internatl.* (La.App. 1977), 341 So.2d 1313; *Tanco, supra.*

A third and final reason this bond is enforceable is the language of the bond itself.

"KNOW ALL MEN BY THESE PRESENTS,

"That I James J. Kassouf as principal and Century Surety Company as surety, are held and firmly bound unto Richard L. Bowen & Associates, Inc. Appellee,

in the penal sum of one hundred thousand and no/100 Dollars, to the payment of which we do hereby jointly and severally bind ourselves.

" * * *

"And, if said judgment be affirmed and be not paid by said Appellant, then said surety agree that judgment may be entered against it for the amount due from Appellant, with interest and costs."

The unambiguous language of the bond indicates Century's assent to being jointly and severally liable on the contract. On this point, one scholarly treatise has specifically stated,

"The sureties on the bond of a public officer have been held liable for his breach thereof, although the bond was not signed by him, *particularly when the bond was joint and several.* Moreover, sureties executing an official bond which is not signed by their principal may, by their conduct, be estopped from denying their liability thereon." (Emphasis added and citations omitted.) 1 Couch On Insurance 2d (Rev.Ed.1984) 613, Section 8:10.

In the case at bar, Century delivered to Bowen a signed bond stating that Century would be held jointly and severally liable on the obligation. Giving effect to the plain language of the bond, this agreement should be enforceable by Bowen, against Century.

The judgment is reversed.

*Judgment reversed.*

SPELLACY, J., concurs.

PATTON, C.J., dissents.