[Cite as *Helfrich v. Madison*, 2015-Ohio-3462.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| JAMES HELFRICH | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| TIMOTHY G. MADISON, et al., | : | Case No. 14-CA-111 |
| | : | |
| Defendants - Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Licking County
Court of Common Pleas, Case No.
07 CV 394


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      August 24, 2015


APPEARANCES:

For Plaintiff-Appellant      For Defendants-Appellees

JAMES HELFRICH, pro se      DARCY A SHAFER
P.O. Box 921      KRISTIN E. ROSAN
Pataskala, OH 43062      Madison & Rosan, LLP
     39 East Whittier Street
     Columbus, OH 43206

*Baldwin, J.*

{¶1}   Plaintiff-appellant James Helfrich appeals from the December 9, 2014 Order to Disburse Supersedeas Bond.

STATEMENT OF THE FACTS AND CASE

{¶2}   On March 16, 2007, appellant filed a pro se complaint in Case No. 07–CV–394 against appellees, alleging tortious interference with a business relationship, abuse of process and fraud. On April 13, 2007, appellees filed a motion to dismiss the complaint, or in the alternative for summary judgment, and a counterclaim asserting that appellant was a vexatious litigator, as defined by R.C. 2323.52.

{¶3}   The trial court granted summary judgment on the vexatious litigator counterclaim in favor of appellees without addressing the motion to dismiss the complaint. This Court reversed the trial court's granting of summary judgment and remanded for further proceedings in *Helfrich v. Madison,* 5th Dist. Licking No. 08–CA–150, 2009–Ohio–5140.

{¶4}   Following our remand, the trial judge recused himself and a visiting judge was assigned to conduct all further proceedings in the case. Appellant amended his complaint on February 16, 2010  to add an additional defendant. Appellees moved to strike the amended complaint. Before ruling on the motion to strike, the trial court stayed all proceedings in order to rule on the counterclaim. Following a bench trial, the court found appellant to be a vexatious litigator who must obtain leave of court to file or pursue a claim in any Ohio trial court. Appellant then appealed. This Court affirmed the trial court's judgment. *Helfrich v. Madison,* 5th Dist. Licking No. 11–CA–26, 2012–Ohio–551.

{¶5} On March 14, 2011, appellant voluntarily dismissed all claims against appellees. Appellees filed a timely post-judgment motion for attorney fees and expenses for frivolous conduct, pursuant to R.C. 2323.51. Following an evidentiary hearing, the trial court found that appellant had engaged in frivolous conduct, as defined by R.C. 2323.51, and ordered appellant to pay appellees' attorney fees and expenses in the amount of $118,451.05.

{¶6} Appellant appealed the trial court's decision. This Court, in *Helfrich v. Madison,* Licking App. No. 2011–CA–89, 2012–Ohio–3701, reversed the decision of the trial court in part and remanded the matter to the trial court, holding that appellees had failed to present evidence that appellant had acted in a frivolous manner in his defense of the counterclaim.  In our Opinion, we stated, in relevant part, as follows:  "This cause is remanded to the court with instructions to calculate the amount of fees and expenses incurred in conjunction solely with the complaint filed by appellant and not including fees and expenses incurred in pursuit of appellees' counterclaim. Costs split evenly between the parties." Id at paragraph 60.

{¶7} On remand, the trial court conducted an evidentiary hearing on April 29, 2013 and June 19, 2013 to supplement the evidence submitted at the earlier sanction hearings on June 23, 2011 and August 18, 2011. Via an Opinion and Judgment Entry filed on June 26, 2013, the trial held that appellees were entitled to recover a total of $45,566.23 from appellant pursuant to R.C. 2323.51 as reasonable fees and expenses that  they had  incurred in conjunction with appellant's complaint.

{¶8} The trial court, in a Supplemental Order filed on June 26, 2013, stated, in relevant part, as follows:

{¶9} "In that judgment, this Court inadvertently provided for a quitclaim deed as one of the three alternative forms of security to support a stay of judgment pending appeal, when the court intended to provide for a proper mortgage deed to serve as that security. Therefore, the court now amends the final paragraphs of the judgment it filed earlier today to read:

{¶10} "To accommodate Mr. Helfrich's consideration of an appeal, this Court stays the enforcement of its judgment for thirty (30) after the Clerk files this Opinion and Order. If Mr. Helfrich files a timely appeal by counsel or a timely application for leave to appeal *pro se* pursuant to R.C. 2323.52(F)(2), this Court grants him a stay for the enforcement of this judgment pending his appeal on his compliance with any one of the following conditions:

{¶11} "(a) depositing cash with the Clerk of this Court in the total amount of $47,500.00 as security for the defendants' recovery of the judgment with statutory interest for the expected time for an appellate ruling.

{¶12} "(b) complying with Civil Rule 69(B) and R.C. 2505.14 by filing with the Clerk a supersedeas bond or letter of credit from a duly approved insurer or financial institution in the total amount of $47,500.00 as security for the defendants' recovery of the judgment with statutory interest for the expected time for an appellate ruling…"

{¶13} On August 5, 2013, a supersedeas bond in the amount of $48,212.50 was filed that was paid via a check issued to the Clerk of Courts.

{¶14} Appellant then appealed from the trial court's June 26, 2013 judgment. This Court, pursuant to an Opinion filed on May 5, 2014 in *Helfrich v. Madison*, 5th Dist. Licking No. 13–CA–57, 2014-Ohio-1928 affirmed the judgment of the Licking County

Court of Common Pleas in part and reversed it in part. We found that the total amount of attorney fees and expenses properly to be awarded to appellees was $21,263.39 plus legal interest from June 26, 2013.

{¶15} On July 31, 2014, appellant filed a Motion to Return Excessive Bond, asking that the bond be reduced to $21,263.39 and the remainder be returned to appellant. In an Opinion and Order filed on August 1, 2014, the trial court stated that it would "continue the stay of execution of its judgment if [appellant] retains a supersedeas bond deposit of $25,000.00 to cover the remaining judgment and interest while he pursues his pending appeal to the Ohio Supreme Court. He may withdraw the balance of his deposit at any time, but he shall leave at least $22,500.00 on deposit to protect the judgment creditors."

{¶16} On November 19, 2014, the Ohio Supreme Court declined to accept jurisdiction of appellant's appeal.

{¶17} Thereafter, on November 24, 2014, appellees filed a Motion to Disburse Supersedeas Bond, asking that $22,166.39 of the supersedeas bond on deposit with the Licking County Clerk of Courts be disbursed to Madison & Rosan, LLP. Appellant filed a memorandum in opposition to the same on December 2, 2014.

{¶18} An Order to Disburse Supersedeas Bond was filed on December 9, 2014. The trial court, in such Order, stated, in relevant part, as follows: "…this Court hereby ORDERS the Clerk of Courts to disburse $22,166 39 (sic) of the supersedeas bond it holds in this matter to Madison & Rosan…. Further the Clerk of Courts is ordered to retain the remaining balance of $333.61 for potential payment to Judgment Debtor James Helfrich after first satisfying any unpaid court costs owed by him."

{¶19} Appellant now raises the following assignments of error on appeal:

{¶20} I.  THE TRIAL COURT ERRED WHEN IT REFERRED TO HELFRICH'S CASH SURETY AS A SUPERSEDEAS BOND.

{¶21} II.  THE TRIAL COURT ERRED WHEN IT RETAINED THE REMAINING BALANCE OF SURETY FOR ANYTHING OTHER THAN ITS INTENDED PURPOSE.

{¶22} III.  THE TRIAL COURT ERRED WHEN IT CLAIMED THE REMAINING BALANCE IS $333.61.

I, II

{¶23} Appellant, in his first assignment of error, argues that the trial court erred when, in its December 9, 2014 Order, it referred to his "cash surety" as a supersedeas bond. In his second assignment of error, he argues that the trial court erred in retaining the balance of the cash surety "for anything other than its intended purpose."

{¶24} "'An appeal or supersedeas bond is a bond posted on an appeal by an unsuccessful litigant in a trial court action.' " *Richard L. Bowen & Assoc., Inc. v. 1200 W. Ninth Street L.P.,* 107 Ohio App.3d 750, 753, 669 N.E.2d 500 (8th Dist.1995), quoting Wiley, *Handling Fidelity, Surety and Financial Risk Claims,* Section 4.7, at 69 (1990). "'A supersedeas bond is distinguished from an appeal bond in that it protects a successful trial court plaintiff from damages that result from the appeal being taken.' " *Id.*

{¶25} R.C. 2505.14 states, in relevant part, as follows:

> A supersedeas bond shall be payable to the appellee
> or otherwise, as may be directed by the court, when the
> conflicting interests of the parties require it, and shall be

subject to the condition that the appellant shall abide and perform the order, judgment, or decree of the appellate court and pay all money, costs, and damages which may be required of or awarded against him upon the final determination of the appeal and subject to any other conditions that the court provides.

{¶26} Under Civ.R. 62(B), "When an appeal is taken the appellant may obtain a stay of execution of a judgment or any proceedings to enforce a judgment by giving an adequate supersedeas bond."

{¶27} On August 5, 2013, a "supersedeas bond" signed by appellant was filed. Appellant, who was an "unsuccessful litigant", filed the same in accordance with the trial court's June 26, 2013 Order on Remand in order to stay execution of the judgment pending appeal. On July 31, 2014, after the appeal, appellant filed a Motion to Return Excessive Bond. Appellant, in his motion, stated that he had deposited $48,212.50 "as supersedeas bond" on August 5, 2013 and asked that the same be reduced. The trial court granted appellant's request and, pursuant to an Opinion and Order filed on August 1, 2014, reduced the amount of the bond to $22,500.00.

{¶28} Based on the foregoing, we find that appellant's bond was a supersedeas bond and not a "cash surety."

{¶29} With respect to appellant's second assignment of error, we note that, pursuant to R.C. 2505.14, the bond was subject to the trial court's direction in the December 9, 2014 Disbursal Order to retain the balance of the bond to satisfy any unpaid court costs.

{¶30} Appellant's first and second assignments of error are, therefore, overruled.

III

{¶31} Appellant, in his third assignment of error, argues that the trial court erred when, in its December 9, 2014 Order, it ordered the Clerk of Courts to retain the remaining balance of $333.61 for potential payment to appellant "after first satisfying any unpaid balance of court costs owed by him."

{¶32} Contrary to appellant's assertion, the trial court did not specify that the unpaid court costs were $333.61. Rather, the trial court ordered that the difference between $22,500.00, the amount that the bond was reduced to, and the $21,263.39.00 judgment in favor of appellees, or $333.61, be retained to satisfy any unpaid court costs. The amount of court costs was not determined.

{¶33} Appellant's third assignment of error is, therefore, overruled.

{¶34} Accordingly, the judgment of the Licking County Court of Common Plea is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.